IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL JOHNSON, | No. 2:12-CV-2411-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BRUZUNETTI, | |
| Defendant. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4   allege with at least some degree of particularity overt acts by specific defendants which support

5   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6   impossible for the court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8              Plaintiff claims:

9       On 10-18-11 Ms. Bruzunetti transpacked my property.  She filed out the
        property sheet wrong and did not attempt to correct it.  She made a
10      promise without an intention of performing C.D.C.R. procedures.  She
        also used an act of coercion to make me sign the fraudulent property sheet.
11      I intend to sue her in her individual capacity for fraud, negligence,
        violation of due process, lost of wages. [sic].
12
        On 10-9-11 to 12-15-11 money was unauthorizely taken from my inmate
13      trust account and transfered to D.V.I. under the pretense it was for
        restitution fine.  Violation fo due process by D.V.I. account clerk. [sic].
14

15             Where, as here, a prisoner alleges the deprivation of a liberty or property interest

16  caused by the unauthorized action of a prison official, there is no claim cognizable under 42

17  U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v.

18  Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's

19  post-deprivation remedy may be adequate even though it does not provide relief identical to that

20  available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  An available state common law tort

21  claim procedure to recover the value of property is an adequate remedy.  See Zinermon, 494 U.S.

22  at 128-29.  Because plaintiff may sue in state court for the losses he claims in this case, an

23  adequate post-deprivation remedy exists.

24  / / /

25  / / /

26  / / /

1    Because it does not appear possible that the deficiencies identified herein can be
2 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
3 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
4    Based on the foregoing, the undersigned recommends that this action be dismissed
5 with prejudice.
6    These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court.  Responses to objections shall be filed within 14 days after service of
10 objections.  Failure to file objections within the specified time may waive the right to appeal.
11 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 19, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE